UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK (ALBANY DIVISION)

---

UNITED STATES OF AMERICA,

  *Plaintiff,*

v.

MARK L. TIMON and
DEBORA M. TIMON,

  *Defendants.*

---

No. 1:20-cv-1101 (MAD/CFH)

DEMAND FOR JURY TRIAL

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) enforce federal tax liens that attached to certain property or rights to property of Mark L. Timon and Debora M. Timon prior to their joint bankruptcy petition and thus survived regardless of whether they were discharged from personal liability, and (2) to reduce to judgment against Mark L. Timon and Debora M. Timon the balance of the tax liabilities to the extent that they are determined to be excepted from discharge under 11 U.S.C § 523(a)(1)(C) and for which purpose the United States demands trial by jury below.  For its complaint, the United States alleges as follows:

### JURISDICTION AND PARTIES

1. This action arises under Title 26 of the United States Code and the district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Mark L. Timon resided in this District when the federal tax liabilities that are the subject of this action arose, and his related bankruptcy case (referenced below) was filed with the Albany Division of the U.S. Bankruptcy Court for the Northern District of New York. Mark L. Timon currently resides in Walpole, New Hampshire – within 100 miles of Albany, New York.

3. The defendant Debora M. Timon resided in this District when the federal tax liabilities that are the subject of this action arose, and her related bankruptcy case (referenced below) was filed with the Albany Division of the U.S. Bankruptcy Court for the Northern District of New York. Debora M. Timon currently resides in Walpole, New Hampshire – within 100 miles of Albany, New York.

### THE TAX LIABILITIES AND LIENS; BANKRUPTCY

4. A delegate of the Secretary of the Treasury made joint assessments against Mark L. Timon and Debora M. Timon for income taxes for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of July 27, 2020, with accruals of additional interest calculated to July 27, 2020 (both including and excluding penalties and interest on penalties), and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 7/27/2020 |
|---|---|---|---|---|
| 12/31/2006 | 04/13/2009 | 1040 | $130,195.00 | $154,571.19 |
|  | 04/13/2009 | Late Filing Penalty | $29,280.37 | including penalties |
|  | 04/13/2009 | Late Payment Penalty | $15,136.20 | and interest thereon, or |
|  | 04/13/2009 | Estimated Tax Penalty | $4,912.66 | $72,306.69 |
|  | 04/13/2009 | Interest | $21,806.27 | excluding penalties |
|  | 06/01/2009 | Late Payment Penalty | $1,061.35 | and interest thereon |
|  | 06/01/2009 | Interest | $954.43 |  |
|  | 10/11/2010 | Late Payment Penalty | $12,736.20 |  |
| 12/31/2007 | 08/24/2009 | 1040 | $378,067.00 | $893,734.15 |
|  | 08/24/2009 | Late Filing Penalty | $85,065.07 |  |

| | 08/24/2009 | Late Payment Penalty | $32,135.69 | including penalties |
| | 08/24/2009 | Estimated Tax Penalty | $7,242.33 | and interest thereon, or |
| | 08/24/2009 | Interest | $32,803.23 | $612,352.52 |
| | 10/11/2010 | Late Payment Penalty | $45,329.27 | excluding penalties and interest thereon |
| **Total** | | | | $1,048,305.34 including penalties and interest thereon, or $684,659.21[1] excluding penalties and interest thereon |

5. Notice of the liabilities described in paragraph 4 was given to, and payment demanded from, Mark L. Timon and Debora M. Timon.

6. Despite proper notice and demand, Mark L. Timon and Debora M. Timon failed, neglected, or refused to fully pay the liabilities described in paragraph 4, above.

7. Because Mark L. Timon and Debora M. Timon neglected, refused, or failed to pay the liabilities described in paragraph 4 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. § § 6321 and 6322 on the dates of the assessments and attached to all property and rights to property of either or both of them (including the property or rights to property described in Counts I and II below).

8. The Internal Revenue Service caused the filing of Notices of Federal Tax Lien against Mark L. Timon and Debora M. Timon for the liabilities indicated in paragraph 4 above with the Clerk of Essex County, New York, and with the Department of State in Albany, New York on May 23 and 24, 2011, respectively. The Service timely refiled the Notice of Federal

---

[1] This amount does not account for frozen overpayments from tax years 2018 and 2019 that will be applied to the 2006 and/or 2007 liabilities if those tax liabilities are determined by the Court to be excepted from the bankruptcy discharge.

Tax Lien for the 2007 tax year but erroneously released the one for the 2006 tax year. It is in the process of revoking the release pursuant to 26 U.S.C. § 6325.

9. On July 15, 2011, Defendants Mark L. Timon and Debora M. Timon filed a Chapter 11 bankruptcy petition with the United States Bankruptcy Court for the Northern District of New York (Albany Division), Case No. 11-12277. The Bankruptcy Court confirmed a plan of reorganization plan on December 10, 2013. A copy of that order is attached hereto as **Exhibit A**. The defendants completed the plan and the Bankruptcy Court entered an Order of Discharge on September 24, 2018. A copy of the discharge order is attached hereto as **Exhibit B**. As recited in the discharge order, "a creditor with a lien may enforce a claim against the debtor's property subject to that lien unless the lien was avoided or eliminated." As also recited in the discharge order, some debts are not discharged and this includes "debts for most taxes."

10. Insofar as the assessments for tax years 2006 and 2007 were made more than ten years ago, this action is nevertheless timely under 26 U.S.C. § 6502 because, pursuant to 26 U.S.C. § 6503(h)(2), the period of limitations was suspended during the bankruptcy case (until the bankruptcy court entered a discharge order on September 24, 2018), plus six months.

### COUNT ONE
### (Claim to Enforce Federal Tax Liens Against
### Mark L. Timon's Ownership Interest in New England Greens, LLC)

11. The United States incorporates by reference paragraphs 1 through 10 as if specifically realleged herein.

12. In March 2007, Defendants Mark L. Timon and Debora M. Timon sold their 100% ownership interest in New England Greens, LLC, a company they founded which manufactured and distributed nutritional and dietary supplements, for $1,800,000.

13. Pursuant to the above-referenced sale, Mark L. Timon retained a contingent 20% interest in New England Greens LLC, the contingency being the repayment by the company of a loan from CIT Small Business Lending Corporation

14. Pursuant to the bankruptcy court's order confirming the Debtors' Chapter 11 plan (**Exhibit A** attached):

> The IRS claim is also secured by the debtor, Mark Timon's, contingent interest in 20% of a company known as New England Greens, LLC. The debtors have agreed that this interest shall be abandoned at confirmation and pass through the bankruptcy with the IRS' lien attached and unimpaired. The IRS may levy or take other lien enforcement action against the interest. Mr. Timon will use his best efforts to obtain timely payment of the loan that will result in the transfer of the 20% interest to him, shall immediately notify the Department of Justice if the loan is repaid, and shall assist the IRS with its collection efforts against the 20% interest in New England Greens, LLC. . . .In return the IRS will give Mr. Timon 10% of all the funds it collects on the levy or other lien enforcement against this 20% interest and agrees that it will not seek to collect against the portion of the funds given to Mr. Timon provided they are maintained (and spent from) a separate account.

15. By letter dated August 11, 2015, counsel for Mark L. Timon notified the Department of Justice, Tax Division, that the loan from CIT Small Business Lending Corporation "has now been paid in full," thereby "trigger[ing the] transfer of the 20% of the outstanding membership interests in New England Greens, LLC to Mark Timon." (The 20% ownership interest is hereinafter referred to as "the New England Greens Interest.")

16. The United States is entitled to enforce the federal tax liens described in paragraph 7 against the New England Greens Interest pursuant to 26 U.S.C. § 7403 and to have the entire New England Greens Interest sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the New England Greens

Interest; and second, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest (and recognizing that the United States will be required to give Mark L. Timon 10% of what it collects, subject to any offset for any proceeds previously diverted to him).[2]

17. In addition, the United States is entitled to enforce its federal tax liens against the New England Greens Interest through an order from this Court requiring any distributions from New England Greens, LLC, that would otherwise be paid to Mark L. Timon and which relate to the New England Greens Interest instead be paid to the United States for application to the outstanding federal income tax liabilities included in this lawsuit, subject to the retained portion.

### COUNT TWO
### (Claim to Enforce Federal Tax Liens Against Possible Continuing Interest in Consulting Agreement with New England Greens, LLC)

18. The United States incorporates by reference paragraphs 1 through 17 as if specifically realleged herein.

19. In connection with the sale referred to in paragraph 12 above, Defendant Mark L. Timon and New England Greens, LLC, entered a consulting agreement dated March 30, 2007 (the "Consulting Agreement").

20. Pursuant to the "Consulting Agreement," for a 10-year term (unless terminated sooner) beginning March 30, 2007, Mark L. Timon was to receive an annual consulting fee of $60,000, plus commissions based upon a percentage of all company sales.

---

[2] The United States reserves the right to reduce any amount payable to Mark L. Timon as his 10% of the amount it collects through enforcement of its liens against the New England Greens Interest by any monies paid to him in respect to his ownership interest in the past that should have been paid to the United States.

21. Pursuant to the Consulting Agreement, in which the applicable commission rates began at 4.3% and gradually declined to 2.115% through March of 2017, the commission is 1% of company sales for the period of "March 30, 2017-thereafter" (*i.e.,* after the expiration of the 10 year term).

22. According to Forms 1099 filed with the IRS by New England Greens, Mark L. Timon received non-employee compensation from New England Greens, LLC, in the amount of $162,080 during 2019, $329,491 during 2018, and $426,000 during 2017.

23. It is unclear whether the compensation that Mark L. Timon received during 2019, 2018, and post-March 30, 2017 relates to ongoing consulting services that he provided to New England Greens, LLC.

24. The United States is unaware of whether Mark L. Timon entered into a modification of the Consulting Agreement or a new consulting agreement which extended his term of consulting work, except that it appears from the original Consulting Agreement that he was and is entitled to 1% of all sales after March 30, 2017, without regard to the provision of any services and thus as part of the original sale of the company in 2007.

25. To the extent that Mark L. Timon received or may continue to receive distributions from New England Greens, LLC, after March 30, 2017, that did not or does not depend on his provision of ongoing consulting services performed for the company, such remuneration constitutes a right to property subject to the United States' federal tax liens that existed before the Timons filed for Chapter 11 bankruptcy and which passed through the Timons' bankruptcy and were not affected by the bankruptcy discharge order they received.

26. To the extent that Mark L. Timon received non-employee compensation or other distributions from New England Greens, LLC, after March 30, 2017, that did not depend on his

provision of ongoing consulting services performed for the company, the United States is entitled to enforce its federal tax liens against such compensation received through an order from this Court requiring payment to the United States in the amount received (not to exceed the balance of the liabilities included in this lawsuit) for application to the outstanding federal income tax liabilities included in this lawsuit.

### COUNT III
**(Claim for Judgment Against Mark L. Timon and Debora M. Timon for the Unpaid Tax and Interest (Not Penalties) to the Extent Determined to be Nondischargeable)**

27. The United States is entitled to judgment, pursuant to 26 U.S.C. § 7402(a) for the unpaid balance of the liabilities for tax and interest described in paragraph 4, above, for tax years 2006 and 2007 to the extent that they are excepted from the discharge under 11 U.S.C § 523(a)(1). That provision does not apply to tax penalties (or interest thereon) but the tax liens that are preserved as to the New England Greens Interest include the penalties.

28. Defendants Mark L. Timon and Debora M. Timon willfully attempted to defeat the taxes within the meaning of Section 523(a)(1)(C) of the Bankruptcy Code. Among the facts reflecting this willful attempt to defeat the taxes are the following (and the United States intends to take discovery regarding additional indicia of willfulness):

a. The Timons failed to timely file income tax returns in 2006 and 2007, despite earning substantial amounts of income each year. This pattern pre-dates the years at issue. Defendants Mark L. Timon and Debora M. Timon filed their joint 1040s for tax years 2004 and 2005 late. Defendant Mark L. Timon failed to file his Form 1040 for tax years 2002 and 2003, so the IRS assessed tax and penalties for those tax years after an examination and the issuance of a notice of deficiency without a taxpayer-filed return pursuant to 26 U.S.C §§ 6020(b) and 6212. Defendant Debora M. Timon did not file a Form 1040 for tax years 2002 and 2003.

b. The Timons repeatedly, year after year, failed to make sufficient quarterly estimated payments of tax, despite earning substantial amounts of income each year. Before filing for Chapter 11 bankruptcy in 2011, Defendants Mark L. Timon and Debora M. Timon made only one payment for tax year 2006, and no payments for tax year 2007. This pattern pre-dates the years at issue. Before filing for Chapter 11 bankruptcy in 2011, Defendant Mark L. Timon made no payments for tax years 2002 and 2003, and Defendants Mark L. Timon and Debora M. Timon made no payments for tax years 2004 and 2005.

c. The Timons consistently had sufficient income to pay their tax liabilities in full but failed to do so. The following is a list of adjusted gross income (AGI) for years 2002-2007, and also including 2008-2010 because Defendants could have used income from those years to pay tax liabilities for earlier years, including after they were already assessed (2002 and 2003 were assessed in the fall of 2008; 2004-06 were assessed in the winter and spring of 2009; and 2007 was assessed in the summer of 2009):

- 2002: $332,794
- 2003: $202,094
- 2004: $298,776
- 2005: $315,992
- 2006: $391,637
- 2007: $2,036,537
- 2008: $352,084
- 2009: $333,702
- 2010: $341,215

d. The Timons sold their business (New England Greens) during 2007 for $1.8 million, and their AGI for tax year 2007 was $2,036,537, resulting in a tax assessment of $378,067 for that year. However, prior to filing bankruptcy on July 15, 2011, the Timons had made only one payment toward their pre-2008 federal income tax liabilities (a single payment of $24,000 applied to 2006). The Timons paid off their 2002-2005 federal income tax liabilities pursuant to their bankruptcy plan, mostly by selling real properties (resulting in payments totaling about $550,000) and in part by making 60 monthly plan payments of $2,081.78 each.

29. After the application of all abatements, payments, and credits, Defendants Mark L. Timon and Debora M. Timon remain personally liable, jointly and severally, to the United States in the amount of $684,659.21, plus statutory additions and interest accruing from and after July 27, 2020 (not counting penalties or interest on penalties).

## *Jury Demand*

The United States demands that any factual disputes bearing on Count III be tried to a jury. The United States is aware that some cases opine that the issue of dischargeability is equitable and therefore not subject to a right to jury trial. The United States disagrees and maintains, as other courts have recognized, that discharge of indebtedness in bankruptcy is a *statutory defense* to an action on a debt and that defense is subject to statutory exceptions that do not arise at equity.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. Judgment against the defendants Mark L. Timon and Debora M. Timon, jointly and severally, for income tax liabilities for the periods ending December 31, 2006, and 2007, in the amount of $684,659.21, plus statutory additions accruing from and after July 27, 2020, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraph A, as well as the penalties thereon, on the New England Greens Interest;

C. An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the New England Greens Interest by ordering the sale of the entire New England Greens Interest in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the New England Greens Interest; and second, to the plaintiff United States to pay the liabilities described in paragraph A, except to the extent that the Court determines that another party has a superior claim, lien, or interest (with the United States required to turn over to Mark L. Timon 10% of what it collects by enforcing it liens, subject to any offset for sums he previously received in respect to his ownership interest in the company); in addition, an order enforcing the federal tax liens against the New England Greens Interest by ordering that any distributions from New England Greens, LLC, that would otherwise be paid to Mark L. Timon and which relate to the New England Greens Interest instead be paid to the United States for application to the outstanding federal income tax liabilities included in this lawsuit (subject to the parenthetical at the end of the preceding clause);

D. To the extent that Mark L. Timon received or may continue to receive non-employee compensation or other distributions from New England Greens, LLC, after March 30, 2017, that did not depend on his provision of ongoing consulting services performed for the company, an order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against such compensation received or yet to be paid by ordering

payment to the United States in the amount received by Mark L. Timon and/or the amounts yet to be paid by New England Greens (not to exceed the balance of the liabilities included in this lawsuit) for application to the outstanding federal income tax liabilities included in this lawsuit; and

E. The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

DATED: September 14, 2020

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Philip L. Bednar*
PHILIP L. BEDNAR (WA State No. 41304)
JULIA M. GLEN (MN Bar No. 0399238)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-6415 (v) (plb)
202-598-3280 (v) (jmg)
202-514-5238 (f)
Philip.L.Bednar@usdoj.gov
Julia.M.Glen@usdoj.gov

Of Counsel:

ANTOINETTE T. BACON
Acting United States Attorney