**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

vs.                                                                                      1:20-CV-1101
                                                                                     (MAD/CFH)

**MARK L. TIMON and DEBORA M. TIMON,**

                    **Defendant.**

---

**APPEARANCES:**                                                    **OF COUNSEL:**

**UNITED STATES DEPARTMENT OF JUSTICE**      **JULIA GLEN, ESQ.**
P.O. Box 55 Ben Franklin Station                       **PHILIP L. BEDNAR, ESQ.**
Washington, D.C. 20044
Attorneys for the Government

**Mae A. D'Agostino, U.S. District Judge:**

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

    The United States, pursuant to 26 U.S.C. § 7402(a) and Local Civil Rule 7.1 of the United States District Court for the Northern District of New York, filed with this Court an ex parte Motion for a Temporary Restraining Order freezing certain payments to them, in conjunction with its Complaint against Mark L. Timon and Debora M. Timon ("Defendants") and for an order requiring Defendants to show cause why a preliminary injunction should not be entered extending the freeze.

    Upon consideration of the United States' motion, and its showing in support of that application, the Court finds that, pursuant to 26 U.S.C. § 7402, a temporary restraining order is necessary and appropriate for the enforcement of the internal revenue laws, and that (1) absent a temporary restraining order, the United States may be irreparably harmed; (2) the United States

established a likelihood of success on the merits; (3) the balance of hardship tips in the United States' favor, particularly given the limited extent of the temporary relief sought; and (4) the public interest will be served by an injunction, the motion is hereby GRANTED and the Court hereby

**ORDERS** that Defendant must file their response to the motion for preliminary injunctive relief within **seven (7) days** of this Order, unless Defendants agree to extend the injunctive provisions of this Order so that the hearing set forth below may be postponed; and the Court further

**ORDERS** that the United States may file any responsive papers by **Wednesday, September 30, 2020** and serve any and all necessary parties that same day; and the Court further

**ORDERS** that, unless Defendants consent to an extension of the injunctive provisions of this order beyond the 14 days initially provided in Fed. R. Civ. P. 65(b)(2), Defendants shall appear at a hearing in this Court before the undersigned judge on **Friday, October 2, 2020 at 1:00 p.m.**, which will be held telephonically or by video application (to be clarified by the Clerk of the Court by docket text entry), to show cause why the terms of this order below should not be converted into a preliminary injunction.  The Court finds that this is a reasonable amount of advance notice from the date of the United States' Motion given that the initial relief sought is only a temporary freeze of disbursements.  Defendants shall provide sufficient information showing that the disbursements received from New England Greens are not traceable in any way to assets subject to federal tax liens that arose prior to Defendants' bankruptcy petition.  If in their supporting papers Defendants agree to extend the date for a hearing to show cause, a hearing will be scheduled by the Court within a reasonable amount of time at a date and time determined appropriate by the Court; and the Court further

**ORDERS** that, until the hearing set above is concluded, and thereafter as may be extended by the Court, New England Greens, LLC d/b/a Vibrant Health ("New England Greens"), their attorneys or agents, and anyone acting in concert with them, are restrained, enjoined, and prohibited from, directly or indirectly (through any other person or entity, including their representatives, agents, servants, employees, attorneys, trustees):

> (1) making any distributions to Defendant Mark Timon with respect to his twenty percent interest in the company;
>
> (2) making any payments or transfers of money or other assets to Defendants with respect to Defendant Mark Timon's right to disbursements described in his March 2007 consulting agreement with New England Greens, including as modified or extended by any subsequent agreement; and/or
>
> (3) cooperating in any assignment or other transfer of Mark Timon's rights to receive payments of money from the company.

In effect, there is a freeze of any and all disbursements made by New England Greens to or for any interest owned by Defendants or any right to any percentage of sales receipts or otherwise, pending the hearing to show cause.

The freeze on disbursements for either Mark Timon's twenty percent interest in the company or disbursements under the 2007 consulting agreement (or any modification or extension thereof) shall freeze any and all disbursements to Mark Timon, Debora Timon, and any other person, trust, or organization for Mark or Debora Timon's benefit, directly or indirectly, or to any assignee of Mark Timon.

Nothing herein shall be construed to prohibit New England Greens from continuing the conduct of its business, including collection of accounts receivable and payment of ordinary course of business expenses, including payment of compensation to officers or employees or other lawful distributions to persons other than Defendants, provided that any amount that would otherwise be distributed to Defendants at the same time is held in reserve pending the Court's determination of this civil action; and the Court further

**ORDERS** that New England Greens, at its option, instead of freezing payments it may otherwise be obligated to make to Defendants, may transfer all such payments to the Court's registry pending the outcome of the hearing to show cause, and thereafter as may be extended by the Court; and the Court further

**ORDERS** that New England Greens shall promptly supply documents and other information requested by government counsel limited to information regarding and documents reflecting or related to (1) past payments, the reasons for payment, and the amounts previously paid to Mark Timon; (2) future anticipated payments and the reasons for the anticipated amounts to Mark Timon; and (3) Mark Timon's twenty percent ownership interest, its value, and any income that may be or may have been generated in respect to that interest.

Defendants shall have an opportunity at the hearing to demonstrate that freezing any payments to Defendants from New England Greens is improper because the right to such payments is not traceable in any way to Defendants' assets that are subject to the pre-bankruptcy federal tax liens. Nothing herein shall preclude the United States from seeking alternative or additional provisional relief in respect to its claim that the tax liabilities were not discharged in the bankruptcy.

Any of the Restrained Parties may apply to the Court for modification of any of the above provisions of this Order, for good cause shown; and the Court further

**ORDERS** that the Clerk of the Court is directed to serve this Order only on the United States and shall also telephone counsel for the United States and advise them of the entry of this Order forthwith; and the Court further

**ORDERS** that this Order shall thereupon be served by counsel for the United States on Defendants and others in the following manners and shall be effective as to any person receiving actual notice of its entry:  Upon completing such service as detailed below, the United States shall file a certificate of service.

> 1. The United States shall serve this Order upon New England Greens by delivering a copy of the Order, along with a copy of the Complaint, by overnight delivery (FedEx or UPS) to New England Greens through its Registered Agent, CT Corporation System at 67 Burnside Ave., East Hartford, CT 06108-3408.  The United States may also attempt to reach appropriate officers of New England Greens by telephone and then email them a copy of this order or may attempt to transmit this order by telefax to New England Greens to the attention of one or more of its officers.
>
> 2. The United States shall serve this Order upon Mark L. Timon and Debora M. Timon by email at mark@marktimon.com (who shall inform and provide a copy to Debora M. Timon) and by sending a copy of the Order, along with a copy of the Complaint, to them at their New Hampshire residence by FedEx or another

overnight delivery service.  Signature shall not be required - the package may be left at the door.

3.  Each person receiving a copy of this Order on behalf of any party who is aware of any email address or telefax number at which any party or New England Greens, LLC or any appropriate officer, agent, attorney, or other representative might be sent a copy of this Order shall send a copy of the same by those means.

**IT IS SO ORDERED.**

Dated: September 18, 2020
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge