UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
(ALBANY DIVISION)
————————————————————x
                         :

UNITED STATES OF AMERICA,    :
                          :
     *Plaintiff,*            :
                          :
       *v.*                :     Civil No. 1-20-cv-1101 (MAD/CFH)
                          :
MARK L. TIMON and        :     Dist. Judge Mae A. D'Agostino
DEBORA M. TIMON,        :     Mag. Judge Christian F. Hummel
                          :
     *Defendants.*        :
————————————————————x

## ANSWER

    Defendants, Mark L. Timon and Debora M. Timon ("Defendants"), by their attorneys O'Connell & Aronowitz P.C., as and for its Answer to the Complaint, alleges as follows:

    Regarding the introductory paragraph of the complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in said introductory paragraph.

    1.    Paragraph "1" of the Complaint requires a legal conclusion and accordingly, Defendants refer to the Court any issues regarding jurisdiction and to the extent a response is required Defendants deny knowledge or information sufficient to form a belief as to truth of each and every allegation contained in paragraph "1" of the Complaint.

    2.    Admits the allegation contained in paragraph "2" of the Complaint.

    3.    Admits the allegation contained in paragraph "3" of the Complaint.

    4.    Denies each and every allegation contained in paragraph "4" of the Complaint.

    5.    Denies each and every allegation contained in paragraph "5" of the Complaint except admits that there have been communications between plaintiff and defendants.

{O0714090.1}

6.      Denies each and every allegation contained in paragraph "6" of the Complaint.

7.      Denies each and every allegation contained in paragraph "7" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of the Complaint

9.      Admits the allegation contained in paragraph "9" of the Complaint except denies the allegation that all tax liabilities were not discharged and otherwise refers the Court to the meaning and legal effect of the Bankruptcy Court's Order of Discharge and how it impacts on the instant case.

10.     Paragraph "10" of the Complaint requires a legal conclusion, and Defendants refer to the Court any issues of law and to the extent that a response is required Defendants deny information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of the complaint.

<u>COUNT ONE</u>

11.     In response to paragraph "11" of the Complaint, Defendants repeat and reallege each and every allegation of their Answer contained in the preceding paragraphs "1" through "10" as if set forth fully herein.

12.     Admits the allegations contained in paragraph "12" of the Complaint.

13.     Admits the allegation contained in paragraph "13" of the Complaint.

14.     Admits the allegation contained in paragraph "14" of the Complaint.

15.     Admits the allegation contained in paragraph "15" of the Complaint.

16.     Paragraph "16" of the Complaint, including the footnote thereto, requires a legal interpretation of the Bankruptcy Court's order of confirmation and accordingly, defendants refer the Court to such order for its legal meaning and effect.

17.   Paragraph "17" of the Complaint requires a legal interpretation of the Bankruptcy Court's order of confirmation and refers the Court to such order for its legal meaning and effect.

## COUNT TWO

18.   In response to paragraph "18" of the Complaint, Defendants repeat and reallege each and every allegation of their Answer contained in the preceding paragraphs "1" through "17" as if set forth fully herein.

19.   Admits the allegation contained in paragraph "19" of the Complaint.

20.   Admits the allegation contained in paragraph "20" of the Complaint.

21.   Denies each and every allegation contained in paragraph "21" of the Complaint, except admits that Mark L. Timon executed the 2007 Consulting Agreement and refers the Court to the legal meaning and effect of said Consulting Agreement based upon the surrounding facts and law involving said agreement.

22.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "22" of the Complaint, however, defendant Mark L. Timon admits that he received non-employee compensation from New England Greens, LLC in 2017, 2018 and 2019.

23.   Denies the each and every allegation contained in paragraph "23" of the Complaint.

24.   Denies each and every allegation contained in paragraph "24" of the Complaint.

25.   Paragraph "25" of the Complaint requires a legal conclusion and Defendants refer the Court to any issues of law and to the extent that a response is required Defendants deny information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "25" of the complaint.

26.     Paragraph "26" of the Complaint requires a legal conclusion and Defendants refer the Court to any issues of law and to the extent that a response is required Defendants deny information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "26" of the Complaint.

<u>COUNT THREE</u>

27.     Denies the allegation contained in paragraph "27" of the Complaint.

28.     Denies each and every allegation contained in paragraph "28" of the Complaint.

   (a) Denies each and every allegation contained in paragraph "28(a)" of the Complaint.

   (b) Denies each and every allegation contained in paragraph "28(b)" of the Complaint.

   (c) Denies each and every allegation contained in paragraph "28(c)" of the Complaint.

   (d) Denies each and every allegation contained in paragraph "28(d): of the Complaint.

29.     Denies each and every allegation contained in paragraph "29" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

30.     Defendants have been discharged of any and all debts owed to Plaintiff.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

31.     Defendants have been released by Plaintiff of any and all debts owed by Defendants to Plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32.     Plaintiff has failed to commence a timely adversary complaint in bankruptcy court for the Northern District of New York for the relief requested by the Complaint herein as required by the confirmation order and other orders and directives issued by the Bankruptcy Court.

## FIRST COUNTERCLAIM

33.     On July 15, 2011, Defendants filed for protection under Chapter 11 of the Bankruptcy Code.

34.     Defendants negotiated with plaintiff to formulate an amended Chapter 11 plan of reorganization ("Plan").

35.     The Plan was confirmed by a written order signed by the Honorable Robert E. Littlefield, Jr. on December 9, 2013 "Confirmation Order".

36.     Defendants made all the payments required per the terms of the Plan and the Confirmation Order, and otherwise complied with their duties and obligations required by their confirmed Chapter 11 case.

37.     The Honorable Robert E. Littlefield, Jr. signed an Order dated September 24, 2018 that provided, among other things, "[t]his order means that no one may make any attempt to collect a discharged debt from the debtors personally" ("Order of Discharge").

38.     Although the Order of Discharge provided that "debts for most taxes" are not discharged, a creditor always bears the burden to prove that its debt was excepted from discharge. Grogan v. Garner, 498 U.S. 279, 287 (1991).

39.     Plaintiff has not proven that any debt that it may be owed by Defendants was excepted from the Order of Discharge.

40.     Based upon the foregoing and the injunction under Bankruptcy Code 524, Plaintiff is barred from taking any action against Defendants unless and until a court of competent jurisdiction determines that there is a debt owing to Plaintiff and that such debt was excepted from the Order of Discharge.

41.     Based upon the foregoing, Defendants respectfully request this court to issue an order determining that any debt that may have been owed to Plaintiff, prior to Defendants' bankruptcy case, was discharged in the Defendants' aforementioned bankruptcy case.

## SECOND COUNTERCLAIM

42.     Defendants repeat and reallege the preceding allegations as though full set forth herein.

43.     Plaintiff failed and refuses to pay Defendants their tax refund for 2019.

44.     Plaintiff's actions violate Bankruptcy Code 524 and the Order of Discharge.

45.     By reason of the foregoing, Defendants hereby respectfully request an order directing plaintiff to pay defendants their tax refund for 2019, along with an award of attorneys' fees, costs and expenses incurred by Defendants.

## THIRD COUNTERCLAIM

46.     Defendants repeat and reallege the preceding allegations as though fully set forth herein.

47.     Plaintiff recently filed two notices of lien against Defendants' house.

48.     The aforementioned liens violate Bankruptcy Code 524 and the Order of Discharge.

49.     By reason of the foregoing, Defendants respectfully request an order discharging those two liens plus any other liens that Plaintiff may have filed that related to any pre-petition

debt that may have been owed by Defendants to Plaintiff, along with an award of attorneys' fees, costs and expenses incurred by Defendants.

WHEREFORE, Defendants Mark L. Timon and Debora M. Timon, demands judgment in its favor as follows:

(1) Dismissing the Complaint and awarding the relief requested in Defendants' counterclaims;

(2) Awarding the costs and expenses of this action; and

(3) Granting such other and further and different relief as to this Court may seem necessary, just and proper.

DATED:  November 23, 2020                    O'CONNELL & ARONOWITZ P.C.

By: _____
    Peter A. Pastore, Esq.
    Bar Roll No.: 506216
    Attorneys for Defendants
    54 State Street, 9th Floor
    Albany, NY 12207
    (518) 462-5601
    papastore@oalaw.com

TO:   **VIA ECF FILING**

      Richard E. Zuckerman, Esq.
      Principal Deputy Asst. Attorney General
      Tax Division, U.S. Dept. of Justice
      P.O. Box 55
      Washington, DC 20044
      (202) 307-6415
      Philip L. Bednar, Esq. (Philip.L.Bednar@usdoj.gov)
      Julia M. Glen, Esq. (Julia.M.Glen@usdoj.gov)