UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                       **Plaintiff,**

vs.                                                 1:20-CV-1101
                                                     (MAD/CFH)

**MARK L. TIMON and DEBORA M. TIMON,**

                       **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **UNITED STATES DEPARTMENT OF JUSTICE**<br>P.O. Box 55 Ben Franklin Station<br>Washington, D.C. 20044<br>Attorneys for the Government | **JULIA GLEN, ESQ.**<br>**PHILIP L. BEDNAR, ESQ.** |
| **O'CONNELL & ARONOWITZ, P.C.**<br>54 State Street, 9th Floor<br>Albany, New York 12207<br>Attorneys for Defendants | **KEVIN LAURILLIARD, ESQ.**<br>**PETER A. PASTORE, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On September 14, 2020, the United States commenced this action to (1) enforce federal tax liens that attached to certain property or rights to property of Defendants prior to their joint bankruptcy petition and thus survived regardless of whether they were discharged from personal liability, and (2) to reduce to judgment against Defendants the balance of the tax liabilities to the extent that they are determined to be excepted from discharge under 11 U.S.C. § 523(a)(1)(C). *See* Dkt. No. 1.

      On September 17, 2020, the United States filed an *ex parte* motion for a temporary restraining order ("TRO"). The TRO, which the Court granted on September 18, 2020, ordered a

temporary freeze of any payments and disbursements by non-party New England Greens, LLC, d/b/a Vibrant Health, to Defendants, either based on the consulting agreement between New England Greens and Defendant Mark Timon or based on Defendant Mark Timon's twenty percent ownership interest or otherwise. *See* Dkt. No. 6. A hearing on the TRO was originally scheduled for October 2, 2020, but was rescheduled for October 29, 2020, upon the parties stipulation to provide for additional time. *See* Dkt. No. 9.

Pursuant to the terms of the TRO, New England Greens provided the United States with records detailing payments from New England Greens to Defendants and other documents related thereto. *See* Dkt. No. 14-1 at 5. On October 19, 2020, the United States contacted Defendants' counsel to discuss its findings and the parties agreed that New England Greens is no longer making payments to Defendant Mark Timon pursuant to his twenty-percent interest in New England Greens or his indefinite right to one percent of sales. *See id.* Additionally, the United States informed Defendants' counsel that in July of 2016, a superseding consulting agreement was entered, under which Defendant Mark Timon no longer received a percentage of sales and only retains a twenty-percent interest in any liquidation dividend (after payment of company creditors) in the event of the liquidation of assets of the company, and was instead to receive fixed payments of $35,500 per month through February of 2019. *See id.*

Based on the information learned, the United States now seeks an expansion and supplementation of the current temporary restraining order to freeze any and all assets traceable to payments made from December 1, 2014, through February 2019, from New England Greens to Defendants directly or through any entity owned, controlled or managed by them, until such time as the Court can adjudicate this dispute on the merits. *See id.* Additionally, the United States asks that the Court supplement the previously issued TRO or alternatively issue a preliminary

injunction to require Defendants to provide an accounting of the disposition of the payments received since December 2014 from New England Greens, including identifying and producing statements from accounts into which such funds were deposited or transferred and accounting for any and all disbursements or transfers of $3,000 or more from any and all accounts which payments from New England Greens were deposited or thereafter transferred since December 1, 2014.  *See* Dkt. No. 14 at 4.[1]

Defendants opposed the United States' request for an expanded and supplemented TRO and requested a hearing before a decision is issued.  *See* Dkt. No. 20.  Accordingly, the Court scheduled a hearing on this matter for January 12, 2021.

Prior to the hearing, the United States filed a motion *in limine* seeking the following relief: (1) an order directing Defendants to be present and available for virtual testimony at the hearing; and (2) an order permitting the testimony of three witnesses to be presented by declaration in lieu of live testimony in order to authenticate and establish the admissibility of various exhibits.  *See* Dkt. No. 33-1 at 3.  In response, Defendants indicate that they do not oppose the United States' first request, *i.e.*, requiring their attendance at the hearing.  *See* Dkt. No. 37 at 1.  Defendants do, however, oppose the admission of the Declarations of Michele LaBarge, Jason Andrews, and Jeffrey Santiago for three reasons: (1) the statements are hearsay; (2) Defendants will be deprived of the opportunity to cross-examine these declarants; and (3) there is no burden to the declarants to appear since the Court is conducting the hearing by video.  *See id.* at 1-2.

Having reviewed the parties' submissions, the United States' motion *in limine* is denied. First, to the extent that the United States seeks an order directing Defendants to be present and

---

[1] The United States notes that its request for an accounting is severable as to timing and could be deferred for subsequent determination if the freeze portion of the relief is granted.  *See* Dkt. No. 14 at 4.

3

available for virtual testimony at the hearing, the request is denied as moot. Second, the Court agrees with Defendants that, since the Court is conducting the hearing by video, there is little-to-no burden on the United States or the declarants in requiring them to present live testimony. Further, permitting the United States to introduce the proposed exhibits by declaration would deprive Defendants of the opportunity to cross-examine these witnesses.

Accordingly, the Court hereby

**ORDERS** that the United States' motion *in limine* (Dkt. No. 33) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 7, 2021
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge