**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                                        **Plaintiff,**

        **vs.**                                                   **1:20-CV-01101**
                                                                  **(MAD/CFH)**

**MARK L. TIMON and DEBORA M. TIMON,**

                                        **Defendants.**

_____

**APPEARANCES:**                              **OF COUNSEL:**

**DEPARTMENT OF JUSTICE – TAX**           **JULIA GLEN, AUSA**
P.O. Box 55 Ben Franklin Station          **PHILIP LEONARD BEDNAR, AUSA**
Washington, District of Columbia 20044
Attorneys for Plaintiff

**MARK L. TIMON**
134 Wentworth Rd
Walpole, New Hampshire 03608
Defendant, *Pro Se*

**DEBORA M. TIMON**
134 Wentworth Rd
Walpole, New Hampshire 03608
Defendant, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

        Plaintiff, the United States of America, initiated this suit against Defendants Mark L.

Timon and Debora M. Timon on September 14, 2020. *See* Dkt. No. 1. Plaintiffs had completed a

Chapter 11 bankruptcy reorganization plan, and the Bankruptcy Court for the Northern District of

New York entered an Order of Discharge on September 24, 2018. *See id.* at ¶ 9. Plaintiff seeks to

(1) enforce tax liens that attached to certain property, or rights to property, of Defendants prior to

their joint bankruptcy petition; and (2) reduce to judgment against Defendants the balance of

remaining tax liabilities, to the extent that they are determined to be excepted from discharge

under 11 U.S.C. § 523(a)(1)(C). *See id.* at ¶¶ 11-29.  On September 6, 2022, the Court granted

Plaintiff's motion for partial summary judgment, *see* Dkt. No. 70, and entered a partial judgment[1]

in Plaintiff's favor.  *See* Dkt. No. 72.

On October 5, 2020, Defendants filed a motion under Rule 59(a) of the Federal Rules of

Civil Procedure to alter or amend the September 6, 2022 partial judgment.  *See* Dkt. No. 73 (the

"October 5 motion").  Defendants filed the October 5 motion *pro se*, despite being represented by

counsel at that time.  In response, the Court issued the following text order:

> TEXT ORDER striking 73 Defendant's Motion to Amend/Correct:
> The court is in receipt of defendant Mark Timon's pro se Motion to
> Amend/Correct, which was filed with the Court on 10/5/22.  Based
> upon the UPS information attached to the defendant's pro se motion,
> the Court hereby ORDERS that the motion will be considered
> timely filed as of October 4, 2022.  During a telephone conference
> with counsel of record today, it was confirmed that the defendant is
> currently represented by counsel - O'Connell, Aronowitz Law Firm,
> for the limited purpose of resolving this case and
> dismissing/discontinuing this action.  Counsel represented to the
> Court that the defendant is aware that the O'Connell, Aronowitz
> Firm will no longer be representing the defendants, and that any
> filing of motions or appeals will be the responsibility of the
> defendants.  It is hereby ORDERED that the defendant's Motion to
> Amend/Correct is STRICKEN, without prejudice to refiling, if the
> defendant's representation status changes to pro se.  A refiled
> motion will be considered timely if made within 30 days of this
> Order. ... (Entered: 10/06/2022)

Dkt. No. 76 (the "October 6th Text Order").  The Court granted the motion of Defendants' counsel

to withdraw on October 12, 2020, *see* Dkt. No. 79, and Defendants filed a second Rule 59(a)

motion on October 31, 2022.  *See* Dkt. No. 81 (the "October 31 motion").

---

[1] Although this partial judgment resolved only one of Plaintiff's three counts, the parties entered into a so-ordered stipulation of dismissal on October 6, 2022, that dismissed Plaintiff's remaining counts, dismissed all of Defendants' counterclaims, and dissolved the preliminary injunction. *See* Dkt. No. 77.

Currently before the Court is a "Notice" filed by Plaintiff informing the Court of its position that the October 6th Text Order "is most likely not valid" and that both the October 5 motion and October 31 motion were untimely. Dkt. No. 82 at 2. As a result, Plaintiff states that the sixty-day deadline for an appeal under Federal Rule of Appellate Procedure 4(a)(1) was not tolled by any valid Rule 59(a) motion, and accordingly expired on November 5, 2022. *See id.* at 2-3. Plaintiff states that a motion to have the Court "*sua sponte* extend Defendants' deadline to appeal by the maximum 30 days to December 5, 2022," is "impending." *Id.* at 3.

**A.      The Timeliness of the October 5 and October 31 Motions**

The Court has reviewed the October 6th Text Order and the applicable law, and concludes that it was prohibited from (1) treating the October 5 motion as timely filed, or (2) extending the time period available to Defendants to make that motion. Defendants purported to make the October 5 motion under Rule 59(a) of the Federal Rules of Civil Procedure, which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.'" Fed. R. Civ. P. 59(e). The October 5 motion was filed twenty-nine days after the September 6, 2022 partial judgment was entered. That motion, therefore, was untimely.[2]

Moreover, Rule 6 of the Federal Rules of Civil Procedure provides that a "court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2). Thus, this court was "expressly prohibited" by the Federal Rules of Civil Procedure from treating the either the October 5 motion or the October 31 motion as timely filed.

---

[2] Although the UPS information attached to the October 5 motion is dated October 4, the relevant date for Rule 59(e) is when the motion is filed, not when it is mailed. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be *filed* no later than 28 days after the entry of the judgment") (emphasis added). Moreover, since Defendants are not incarcerated, the prison mailbox rule is inapplicable. *See Ioele v. City of New York*, No. 18-CV-10904, 2020 WL 1503506, *3 n.2 (S.D.N.Y. Mar. 30, 2020) (citing cases).

*Roistacher v. Bondi*, 624 Fed. Appx. 20, 22 (2d Cir. 2015); *see also Corines v. Am. Physicians Ins. Tr.*, 615 Fed. Appx. 708 (2d Cir. 2015) ("A district court is not empowered to extend the time to file a Rule 59(e) motion"); *Waterkeeper All. Inc. v. Spirit of Utah Wilderness, Inc.*, No. 10-CV-1136, 2021 WL 4910382, *3 (S.D.N.Y. Oct. 21, 2021) ("Federal Rule of Civil Procedure 6(b)(2) expressly prohibits time extensions to file a motion under Rule 59(e), even when a litigant is *pro se*"), *aff'd sub nom. Waterkeeper All., Inc. v. Salt*, No. 20-3007, 2022 WL 3581303, *2 (2d Cir. Aug. 22, 2022).[3]

However, courts generally treat an untimely motion to alter or amend a judgment under Rule 59 "as a motion for reconsideration under Rule 60(b)." *McCluskey v. Roberts*, No. 20-4018, 2022 WL 2046079, *1 (2d Cir. June 7, 2022) (citing *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991); Fed. R. Civ. P. 60(c)); *see also Waterkeeper All., Inc.*, 2022 WL 3581303, at *2 (quoting *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010)).  Accordingly, the Court will construe Defendants' October 31 motion as made under Rule 60(b) of the Federal Rules of Civil Procedure.

**B.      The Time to Appeal**

Turning to Defendants' time to appeal, Rule 4 of the Federal Rules of Appellate Procedure provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is ... the United States." Fed. R. App. P. 4(a)(1)(b)(i).  However, if a party files certain motions in the district court, "and does so within the time allowed by those rules," the time to file a notice of appeal runs "from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A).  Such motions

---

[3] Defendants' second motion also lists Rule 52 as grounds to amend the September 6, 2022 partial judgment.  Rule 52 is subject to the same timeliness restrictions as Rule 59.  *See* Fed. R. Civ. P. 52(b) ("On a party's motion filed no later than 28 days after the entry of judgment ... "); Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[ ] ... 52(b)").

include (1) a motion "to alter or amend the judgment under Rule 59" and (2) a motion "for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(iv), (vi). Accordingly, neither the October 5 motion nor the October 31 motion extended the time to file a notice of appeal, regardless of whether they are considered Rule 59 or Rule 60 motions. Instead, as Plaintiff notes, Defendants' time to appeal from the September 6, 2022 partial judgment ended on November 5, 2022. *See* Fed. R. App. P. 4(a)(1)(B)(i).

A district court may extend the time to file a notice of appeal where "a party so moves no later than 30 days after the time prescribed by ... Rule 4(a) expires; and ... that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Accordingly, Defendants have until December 5, 2022, to make a motion to extend the time to file a notice of appeal. If Defendants make that motion, they will have until December 5, 2022, or "14 days after the date when the order granting the motion is entered, whichever is later," to file a notice of appeal. Fed. R. App. P. 4(a)(5)(C). The Court notes that it is strongly inclined to find good cause for that motion, given Defendants' *pro se* status and the October 6th Text Order's erroneous representation that the October 5 and October 31 motions were timely made Rule 59 motions.

At this juncture, however, no party has made a motion to extend the time to file a notice of appeal. Plaintiff appears to suggest that the Court should *sua sponte* grant an extension of time. *See* Dkt. No. 82 at 3. However, Rule 4 specifically requires a party to file a motion for this relief. *See* Fed. R. App. P. 4(a)(5)(A)(i) ("[A] district court may extend the time to file a notice of appeal if ... *a party so moves* no later than 30 days after the time prescribed by this Rule 4(a) expires") (emphasis added); *see also* Fed. R. App. P. 26(b)(1) ("[T]he court may not extend the time to file ... a notice of appeal (except as authorized in Rule 4)"); 28 U.S.C. § 2107 ("The district court may, *upon motion filed* ... extend the time for appeal upon a showing of excusable neglect or good

cause") (emphasis added); *cf.* Fed. R. App. P. 4(b)(4) (allowing the district court, in criminal cases, to extend the time to file a notice of appeal "with or without motion and notice").  This is a jurisdictional requirement that applies with equal force to *pro se* litigants.  *See Roberts v. Dist. Att'y*, No. 21-14194-G, 2022 WL 624591, *1 (11th Cir. Jan. 28, 2022) (citing *Brooks v. Britton*, 669 F.2d 665, 666-67 (11th Cir. 1982)); *Evans v. Synopsys, Inc.*, 34 F.4th 762, 775 n.13 (9th Cir. 2022) (citing *United States ex rel. Haight v. Cath. Healthcare W.*, 602 F.3d 949, 956 (9th Cir. 2010)).

In sum, the Court cannot *sua sponte* grant Defendants an extension of time to file a notice of appeal.  Rather, Defendants must make that motion by December 5, 2022.

## C.  Conclusion

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that the October 6th Text Order (Dkt. No. 76) is **VACATED** to the extent it purports to extend the time available to Defendants to make a motion to alter or amend the September 6, 2022 partial judgment (Dkt. No. 72) under Rule 59 of the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that Defendants' October 31 motion (Dkt. No. 81) is construed as a motion for reconsideration under Rule 60(b); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  November 23, 2022
        Albany, New York

Mae A. D'Agostino
U.S. District Judge